UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VALERIE JOIAKIM, | Case No. 10-11079 |
| Plaintiff, | Lawrence P. Zatkoff |
| vs. | United States District Judge |
| COMMISSIONER OF | Michael Hluchaniuk |
| SOCIAL SECURITY, | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION
CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 8, 13)**

**I.    PROCEDURAL HISTORY**

    A.    Proceedings in this Court

On March 17, 2010, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Lawrence P. Zatkoff referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability insurance benefits and supplemental security income.  (Dkt. 2).  This matter is currently before the Court on cross-motions for summary judgment.  (Dkt. 8, 13).

    B.    Administrative Proceedings

Plaintiff filed the instant claims on April 30, 2007, alleging that she became

unable to work on April 20, 2003. (Dkt. 6, Tr. at 96-101). The claim was initially disapproved by the Commissioner on July 23, 2007. (Dkt. 6, Tr. at 57-61). Plaintiff requested a hearing and on July 23, 2009, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Michael Wilenkin, who considered the case *de novo*. In a decision dated August 18, 2009, the ALJ found that plaintiff was not disabled. (Dkt. 6, Tr. at 7-18). Plaintiff requested a review of this decision on September 24, 2009. (Dkt. 6, Tr. at 93-95). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibit(s)[1] (AC-8B, Dkt. 6, Tr. at 5), the Appeals Council, on January 28, 2010, denied plaintiff's request for review. (Dkt. 6, Tr. at 1-6); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

**AFFIRMED**.

## II. FACTUAL BACKGROUND

### A. ALJ Findings

Plaintiff was 49 years of age at the time of the most recent administrative hearing. (Dkt. 6, Tr. at 24). Plaintiff's relevant work history included approximately 17 years as a machine operator. (Dkt. 6, Tr. at 109). In denying plaintiff's claims, defendant Commissioner considered schizophrenia, asymptomatic leukocytosis and non-insulin diabetes mellitus as possible bases of disability. (Dkt. 6, Tr. 12).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since April 30, 2003. (Dkt. 6, Tr. at 12). At step two, the ALJ found that plaintiff's impairment of schizophrenia was "severe" within the meaning of the second sequential step. *Id.* At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Dkt. 6, Tr. at 13). At step four, the ALJ found that plaintiff could perform her previous work as a machine operator and was therefore, not disabled. (Dkt. 6, Tr. at 17).

### B. Plaintiff's Claims of Error

Plaintiff first asserts that the ALJ failed to ask the vocational expert whether

the jobs identified were consistent with the Dictionary of Occupational Titles as required by SSR 00-04p, which is, according to plaintiff, reversible error. Plaintiff argues that the ALJ failed to elicit testimony from the VE as to whether plaintiff's past work was consistent with the DOT.

Plaintiff next claims that the ALJ's FCE failed to accurately portray plaintiff's mental impairments. Specifically, plaintiff says the ALJ failed to address the mental limitations as opined by the state agency psychologist dated July 20, 2007, which included moderate limitations in sustaining an ordinary routine without special supervision, interacting appropriately with the general public, getting along with coworkers and responding appropriately to changes in the work setting. (Tr. 199-200).

    C.    <u>Commissioner's Cross-Motion for Summary Judgment</u>

After reviewing the evidence, the ALJ determined that plaintiff's schizophrenia (her only severe impairment) was well-controlled by medication and would not prohibit her from performing unskilled work at any exertional level. In particular, the ALJ gave significant weight to the findings of the state agency physician, Dr. Czarnecki, who found, after reviewing plaintiff's medical record, that she was doing well on medication and improving. (Tr. 17, 201). Dr. Czarnecki observed that Dr. Gupta's (plaintiff's treating psychiatrist) 2007 progress notes indicated plaintiff was sleeping, had only slight cognitive

impairment, and was no longer psychotic. (Tr. 17, 201). Dr. Czarnecki also noted that plaintiff's daily activities suggested she was rather functional, as the record showed that she was able to take care of herself and her children while also cooking, exercising, going to church and Bible study, reading, cleaning, doing chores, and gardening. (Tr. 201). The ALJ also relied on Dr. Imasa's opinion, a consultative psychologist, that plaintiff was capable of unskilled work. (Tr. 16, 175-77). In addition, after reviewing Dr. Gupta's treatment records, the ALJ noted numerous findings that suggested plaintiff was capable of performing at least unskilled work. (Tr. 16-17). Therefore, the Commissioner asserts that the ALJ's finding that plaintiff had the RFC to perform unskilled work at all exertional levels and, as such, could perform her past relevant work as a machine operator is supported by substantial evidence. (Tr. 14, 18).

The Commissioner urges the Court to reject plaintiff's contention that the ALJ ignored the opinion of Dr. Czarnecki by not including all of the limitations in the mental RFC assessment Dr. Czarnecki completed in July 2007. In particular, plaintiff points to a series of boxes that Dr. Czarnecki checked in the "Summary Conclusions" section of the mental RFC assessment, which indicated plaintiff had moderate limitations in several of the areas. (Tr. 199-200). However, according to the Commissioner,

> Plaintiff is mistaken with respect to where the mental

> RFC assessment is contained in the form that the agency
> provides to state agency doctors. The form Plaintiff
> references, Form SSA-4734-F4-SUP, commonly known
> as the "Mental Residual Functional Capacity
> Assessment," is divided into three sections (Tr.199-201).
> Section I, labeled "Summary Conclusions," which
> Plaintiff argues contains the limitations provided by the
> state agency psychiatrist, is "merely a worksheet to aid in
> deciding the presence and degree of functional
> limitations and the adequacy of documentation and does
> not constitute the RFC assessment." Program Operation
> Manual System ("POMS") DI 24510.060B4a4. Section
> III, entitled "Functional Capacity Assessment" contains
> the mental RFC assessment of the state agency
> psychiatrist. See POMS DI 245110.060B2a ("It is in this
> section that the actual mental RFC assessment is
> recorded, explaining the conclusions indicated in Section
> I, in terms of the extent to which these mental capacities
> or functions could or could not be performed in work
> settings.").

According to the Commissioner, the ALJ properly acknowledged Dr. Czarnecki's findings contained in Section III and, as noted by the ALJ, Dr. Czarnecki concluded that plaintiff retained "the mental capacity to sustain an independent routine of simple work activity" and could deal with low stress social demands and simple changes in routine. (Tr. 17, 201). Thus, plaintiff's argument fails because the ALJ did not ignore the state agency psychiatrist's opinion, but instead, specifically referenced and relied upon Dr. Czarnecki's opinion in his decision. (Tr. 17). Indeed, the ALJ gave significant weight to Dr. Czarnecki's opinion, as all of the limitations he suggested were not inconsistent with the ALJ's finding that

plaintiff was only capable of unskilled work, which essentially incorporates Dr. Czarnecki's conclusions. (Tr. 14, 17, 201).

According to the Commissioner, plaintiff's argument that the ALJ's failed to make a proper inquiry of the VE regarding consistency with the DOT during the administrative hearing fails because SSR 00-4p only requires the ALJ to elicit a reasonable explanation from the vocational expert "when there is an apparent unresolved conflict" between the vocational expert's testimony and the DOT. SSR 00-4p. Here, the ALJ determined plaintiff was not disabled at Step 4 because she could perform her past job as a machine operator as she "actually performed" the position. (Tr. 18). In making this determination, the ALJ relied on the vocational expert's testimony and the vocational expert based his testimony on plaintiff's description of the job, not the DOT description of the job. The vocational expert testified, after listening to plaintiff's description of her past employment as a machine operator, that a hypothetical person of the same background and limitations as plaintiff could perform plaintiff's past work as a machine operator as plaintiff described it. (Tr. 51-52). In providing this opinion, the vocational expert did not reference the DOT at any point. Instead, the vocational expert based this opinion on the testimony provided by plaintiff. Because the vocational expert relied on plaintiff's description of how she performed the job, not the DOT, the ALJ was not required to ask the vocational

expert whether his testimony conflicted with the DOT. Therefore, according to the Commissioner, the ALJ did not violate SSR 00-4p.

### III. DISCUSSION

#### A. Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding

whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc.Sec.Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the

Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the

administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

  B. Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq.*). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits

are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C. <u>Vocational Expert Testimony</u>

Plaintiff's SSR 00-4p argument that the ALJ failed in his affirmative duty to enquire as to conflicts between the DOT and the VE's testimony is inapplicable here. *See Williams v. Comm'r*, 2009 WL 2595692, *9 (E.D. Mich. 2009). As set forth in *Williams*, the "Step Four determination of non-disability moots the Step Five question of whether 'other work' exists. *Id.* Thus, "expert vocational testimony is not required when a finding of non-disability is based on the claimant's ability to perform his past work." *Williams*, at *9, quoting, *Parker v. Sec'y of Health and Human Serv.*, 1991 WL 100547, *3 (6th Cir. 1991). In the absence of Step Five "job findings," the ALJ need not inquire about conflicts between the VE's testimony and the DOT. *Williams*, at *9. Thus, the undersigned concludes that no reversible error occurred as to the vocational testimony.

D. <u>Mental Assessment</u>

Several courts within the Sixth Circuit and elsewhere have addressed the issue raised by plaintiff regarding the mental assessment and have all found that Section I of the mental assessment is merely a worksheet and does not constitute the RFC assessment. *See Coleman v. Astrue*, 2010 WL 4955718 (N.D. Ohio 2010); *Velez v. Comm'r of Soc. Sec.*, 2010 WL 1487599, *6 (N.D. Ohio 2010) ("In general, ... the ALJ is not required to include the findings in Section I in formulating residual functional capacity."); Kachik v. Astrue, 2010 WL 3852367,

\*6 (W.D. Pa. 2010), citing *Liggett v. Astrue*, 2009 WL 189934 at \*8 (E.D. Pa. 2009); *Berry v. Astrue*, 2009 WL 50072, \*15 (W.D. Va. 2009); *Norris v. Astrue*, 2008 WL 4911794, \*16 (E.D. N.C. 2008); *Malueg v. Astrue*, 2007 WL 5480523, 6-7 (W.D. Wis. 2007); *Wildman v. Astrue*, 2011 WL 111711 (E.D. Tenn. 2011). Moreover, the Program Manual Operation System (POMS), DI 24510.060 and DI 24510.060B4 state that "Section III Functional Capacity Assessment, is for recording the mental RFC [residual functional capacity] determination. It is under Section III where "the actual mental RFC assessment is recorded ..." *See* POMS DI 24520.060(B) (2). POMS is viewed as persuasive authority. *Kirves v. Callahan*, 1997 WL 210813 (6th Cir. 1997) ("this circuit has viewed [ POMS] as persuasive authority"). The ALJ, therefore, properly referred only to Section III of the state agency physician's mental RFC assessment and plaintiff has cited no reversible error regarding the ALJ's assessment of her mental impairment.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 8, 2011                                       s/Michael Hluchaniuk  
                                                                        Michael Hluchaniuk  
                                                                       United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on March 8, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Joseph E. Houle, William L. Woodard, AUSA, and the Commissioner of Social Security</u>.

                                                      s/Darlene Chubb
                                                      Judicial Assistant
                                                      (810) 341-7850
                                                      darlene_chubb@mied.uscourts.gov